UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SMALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV00171 ERW |
| | ) | |
| JOHN W. STEVENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of James Smalley (registration no. 178598), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.88. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $9.42, and an average monthly balance of $0.65.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.88, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action for monetary relief under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment rights.  Defendants are John Stevens, Kelly McGinnis, both of whom are or were police officers for the City of St. Louis Metropolitan Police Department, and several John Doe supervisory officials.

Plaintiff alleges that on either the 26th or 27th of February 2007 he was approached by defendants while he was sitting in his parked car.  Plaintiff claims that, after asking him what he was doing, defendant Stevens ordered him out of the car.  Plaintiff asserts that Stevens then "strip searched" him on the sidewalk, pulling his pants down and inspecting his genitals.

Plaintiff says that McGinnis then told him that he had warrants and that he was under arrest.  McGinnis then began searching his car.  Plaintiff alleges that defendants

then placed him into their vehicle and took him to the North Patrol Division. Plaintiff asserts that he was never given a Miranda warning.

Plaintiff alleges that he did not have any warrants and that McGinnis lied about it as pretext for the arrest.

Plaintiff claims that he was booked and then taken into a back room where he was strip searched – Stevens told him to remove all of his clothing and to squat and cough at the same time. McGinnis was present, and plaintiff alleges that neither defendant found any contraband on his body or in his clothes.

Plaintiff says that he was then taken to a dry cell where defendants told him he was being charged with drug trafficking. Defendants claimed that they had found drugs in his clothing when they searched him. Plaintiff asserts that defendants planted the drugs.

Plaintiff alleges that he was subsequently found guilty on the charges and sentenced to fifteen years' imprisonment. See State v. Smally, No. 0722-CR02015-01 (22nd Jud. Cir.); State v. Smalley, 291 S.W.3d 855 (Mo. Ct. App. 2009).[1]

---

[1] According to the Missouri Department of Corrections' web page, plaintiff uses the alias "James Smally."

The complaint states that defendants "were acting in their individual and official capacity as Police Officers." The Court liberally construes this statement to mean that plaintiff is suing defendants in both their individual and official capacities.

## Discussion

Plaintiff's claim against Stevens for the alleged strip search outside his car survives initial review under 28 U.S.C. § 1915(e). As a result, the Court will order the Clerk to serve process on Stevens.

The allegations regarding the second strip search, however, fail to state a claim upon which relief can be granted. "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."  Bell v. Wolfish, 441 U.S. 520, 559 (1979). Generally, strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns. E.g., Franklin v. Lockhart, 883 F.2d 654, 656-57 (8th Cir. 1989). Strip searches conducted "in an abusive fashion . . . cannot be condoned." Bell, 441 U.S. at 560. Routine strip searches during the intake process do not violate the Fourth Amendment. Florence v. Board of

Chosen Freeholders of County of Burlington, — S. Ct. —, 2012 WL 1069092 *14 (April 2, 2012). There are no allegations in the complaint that suggest that there was anything improper about the manner in which the search was conducted. As a result, the Court will dismiss these claims.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Plaintiff's claim that defendants planted drugs on him would necessarily imply the invalidity of his conviction, for he was convicted of attempting to traffic those drugs. See Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000). As a result, this claim is Heck-barred.

Similarly, the Eighth Circuit Court of Appeals has held that "§ 1983 claims of false arrest and imprisonment should be dismissed [as Heck-barred.]" Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999). So, plaintiff's claim that defendant McGinnis fabricated warrants for his arrest as pretext for arresting and imprisoning him may not lie in this Court.

Simple failure to read <u>Miranda</u> warnings to an arrestee do not violate the arrestee's rights and "cannot be grounds for a § 1983 action." <u>Chavez v. Martinez</u>, 538 U.S. 760, 772 (2003). Plaintiff has not alleged more than simple failure to read <u>Miranda</u> warnings. As a result, this claim fails as a matter of law.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); <u>Boyd v. Knox</u>, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that the John Doe defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff merely alleges that they "tacitly authorized" defendants' conduct. This is insufficient to state an actionable claim under § 1983. As a result, the complaint fails to state a claim upon which relief can be granted as to the John Doe defendants.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a

government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978).  The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.  As a result, the Court will dismiss plaintiff's claims against Stevens in his official capacity.

Finally, plaintiff says that he is bringing a claim against defendants under Missouri Revised Statute § 554.193(2).  No such statute exists.  The Missouri Revised Statutes do not have a Chapter 554.  As a result, this claim is legally frivolous.

For the above reasons, the complaint fails to state a claim against McGinnis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.88 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant John Stevens.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Stevens shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the John Doe defendants or Kelly McGinnis because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that all of the claims in the complaint – with the exception of plaintiff's claim against Stevens, in his individual capacity, regarding the public strip search outside plaintiff's car – are **DISMISSED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

So Ordered this 10th day of April, 2012.

                                              E. RICHARD WEBBER
                                              SENIOR UNITED STATES DISTRICT JUDGE