# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES H. SMALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV00171 ERW |
| ) | |
| JOHN W. STEVENS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Stevens's motion to dismiss the complaint under Rule 12(b)(6) and on plaintiff's motion for leave to file an amended complaint. Both motions will be denied.

## Background

Plaintiff, a prisoner, brought this action under 42 U.S.C. § 1983 against two officers of the City of St. Louis Metropolitan Police Department, John Stevens and Kelly McGinnis, as well as several John Doe supervisory officials. Plaintiff alleged in his original complaint that Stevens conducted a strip search of him in public in which his genitals were exposed, that he was arrested without having been given a Miranda warning, and that defendants took him to the station where they subsequently planted drugs on him. Plaintiff was charged with a drug crime to which he was later convicted.

See State v. Smally, No. 0722-CR02015-01 (22nd Jud. Cir.); State v. Smalley, 291 S.W.3d 855 (Mo. Ct. App. 2009).[1]

In its Order dated April 10, 2012, the Court reviewed the complaint under 28 U.S.C. § 1915(e) and found that most of plaintiff's claims were frivolous or failed to state a claim upon which relief can be granted. Many of claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). However, the Court found that plaintiff's claim that Stevens's act of strip searching him in public and exposing his genitals survived review under 28 U.S.C. § 1915(e), and the Court required Stevens to respond to the complaint. Stevens responded by filing a motion to dismiss under Rule 12(b)(6).

## Stevens's Motion to Dismiss

Stevens argues that plaintiff's Fourth Amendment strip search claim is categorically barred by Heck.

Under Heck, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. 512 U.S. at 486-87.

---

[1] According to the Missouri Department of Corrections' web page, plaintiff uses the alias "James Smally."

In his motion, Stevens does not specify how a finding that the alleged public strip search violated the Fourth Amendment would imply the validity of plaintiff's conviction. Stevens only claims that Fourth Amendment claims are <u>Heck</u>-barred.

During the public strip search, Stevens did not find any contraband. It was only later, during a more thorough strip search at the station, when drugs were found on plaintiff's person. And the Court has already held that plaintiff's claim that defendants planted the drugs on him was <u>Heck</u>-barred under <u>Moore v. Sims</u>, 200 F.3d 1170, 1172 (8th Cir. 2000).

Fourth Amendment claims are not, as Stevens asserts, categorically barred by <u>Heck</u>. <u>See</u> <u>Heck</u>, 512 U.S. at 487 n. 7 (because of doctrines like independent source, inevitable discovery, and harmless error, damages suit for unreasonable search may lie even if challenged search produced evidence that was introduced in state criminal trial resulting in § 1983 plaintiff's still-outstanding convictions); <u>Collins v. Bruns</u>, 195 Fed. Appx. 533, 535 (8th Cir. 2006) (citing footnote 7 and concluding § 1983 unlawful-seizure claim was not <u>Heck</u>-barred). As is stated above, the challenged search in this case is not the same search as that which produced the evidence used to convict plaintiff. In this circumstance, the Court fails to see how a ruling in plaintiff's favor on this issue would imply the invalidity of plaintiff's conviction.

Generally, strip searches should be conducted in an area as removed from public view as possible without compromising legitimate security concerns. E.g., Franklin v. Lockhart, 883 F.2d 654, 656-57 (8th Cir. 1989). Strip searches conducted "in an abusive fashion . . . cannot be condoned." Bell v. Wolfish, 441 U.S. 520, 560 (1979). Under the liberal notice pleading standards of the Federal Rules, plaintiff's claim that the alleged public strip search violated his Fourth Amendment rights is sufficient to withstand defendant's motion to dismiss. As a result, the motion is denied.

**Plaintiff's Motion for Leave to File an Amended Complaint**

Plaintiff moves to amend his complaint, and he has submitted a proposed amended complaint. The proposed amended complaint does not appear to add any substantive facts to the original complaint, but it is far more than twice as long, written in cramped, small, hand-written letters. The proposed amended complaint is defective because it fails to comply with the requirements of the Federal Rules or this Court's Local Rules.

The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are required to abide by the Federal Rules. E.g., Williams v. Harmon, No. 07-3800, 2008 WL 4331125 (8th Cir. 2008) (unpublished slip opinion); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir.1994).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement" of a plaintiff's claims. Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Local Rule 45-2.06 requires that pro se plaintiffs file their complaints on the Court-provided forms.

The proposed amended complaint does not comply with Rule 8(a) or (d) because it is unnecessarily prolix and complex. For example, plaintiff cross-references defendants' deposition testimony against defendants' testimony at trial, looking for tiny discrepancies that might ultimately prove his case against them. The allegations are also unduly repetitive and conclusory. Plaintiff merely realleges, many times over, the claims that the Court previously found to be frivolous. Moreover, the proposed amended complaint has not been drafted on the Court-provided form. As a result, the motion to amend will be denied. E.g., Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Accordingly,

**IT IS HEREBY ORDERED** that defendant Stevens's motion to dismiss [ECF No. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 18] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall **STRIKE** the amended complaint [ECF No. 19] from the docket.

So Ordered this 13th day of September, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE