# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES H. SMALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV00171 ERW |
| ) | |
| JOHN W. STEVENS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 30]. Plaintiff requests leave to file an amended complaint because he has learned the name of two John Does, Commander Donna M. Love and Superior Brian R. McSlynn, who he has added to his proposed amended complaint as defendants. Aside from the addition of these defendants, the allegations in the proposed amended complaint are very similar to the original complaint.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared

>   reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  But see Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

In the proposed amended complaint, plaintiff alleges that defendants Stevens and McGinnis strip searched him without cause and planted drugs on him, for which he was arrested and convicted.  The Court previously held that plaintiff's unlawful strip search claim outside of the car against Stevens stated a plausible claim for relief, and those claims are currently in the discovery stage.  The Court dismissed each of the claims plaintiff brought against McGinnis because they were Heck-barred.  They continue to be so, and the Court will not revive those claims.

Plaintiff's claims against defendants Love and McSlynn sound in respondeat superior.  Love and McSlynn cannot be liable for Stevens and McGinnis's actions based on respondeat superior.  Livers v. Schenck, — F.3d —, 2012 WL 5439300 *12 (8th Cir. Nov. 8 2012).  Love and McSlynn may be liable under § 1983 if they (1) had

-2-

notice of a pattern of unconstitutional acts committed by subordinates; (2) were deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to plaintiff. Id. Plaintiff does not allege sufficient facts that might show that Love and McSlynn had a notice of a pattern of unconstitutional acts committed by Stevens and McGinnis or that they were deliberately indifferent to or tacitly authorized such acts and failed to take sufficient remedial action. As a result, the complaint fails to state a claim against Love and McSlynn.

Plaintiff also brings a cause of action against Stevens under Mo. Rev. Stat. § 544.193.3 for strip searching him in public. This cause of action states a claim under Missouri law and should be allowed to go forward at this time. The searches of plaintiff at the police station were not conducted in violation of § 544.193, and plaintiff's claims that they did are frivolous.

Having reviewed the amended complaint under § 1915, the Court will grant plaintiff's motion for leave to file the amended complaint as follows: the Court finds that plaintiff Stevens's federal and state law claims regarding his outside strip search state a claim for relief. The Court finds that all of the other claims in the amended complaint are legally frivolous and will be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 30] is **GRANTED**, as set forth above.

**IT IS HEREBY ORDERED** that defendants McGinnis, Love, and McSlynn are **DISMISSED** from the amended complaint.

So Ordered this 3rd day of January, 2013.

*/s/ E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE