UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES H. SMALLEY, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 412CV00171 ERW |
| | ) |
| JOHN W. STEVENS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff James H. Smalley's Motion to Compel

[ECF No. 41], and Defendant John W. Steven's Motion for Leave to File Answer [ECF No. 45].

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2012, Plaintiff filed his Prisoner Civil Rights Complaint under 42 U.S.C.

§ 1983, naming several St. Louis Metropolitan Police Department officers as defendants [ECF

No. 1]. Defendant John W. Stevens filed a Motion to Dismiss on July 20, 2012; when Plaintiff

failed to file a timely Response, the Court ordered Plaintiff to show cause, no later than

September 7, 2012, why the Motion to Dismiss should not be granted [ECF Nos. 15, 16, 17].

Plaintiff filed a Motion for Leave to File Amended Complaint on August 28, and he filed his

Response to the Order to Show Cause on the following date [ECF NoS. 18, 20]. On September

13, 2012, the Court denied both motions, and ordered that Plaintiff's amended complaint be

stricken [ECF No. 22]. Defendant John W. Stevens filed his Answer to Plaintiff's Complaint,

with leave of Court, on October 12, 2012 [ECF Nos. 23, 24, 25].

On November 28, Plaintiff moved for leave to file an amended complaint [ECF No. 30].

On January 3, 2013, the Court granted leave for Plaintiff to file his Amended Complaint;

however, upon the Court's review of the pleading, all defendants but John W. Stevens

("Defendant") were dismissed from the Amended Complaint by Court Order [ECF Nos. 31, 32].

The Court's January 3 Order found that Plaintiff's federal and state law claims, regarding an

alleged public strip search conducted by Defendant, stated a claim for relief, but it concluded that

all of the other claims brought in the Amended Complaint were legally frivolous; and the Court

dismissed those claims under 28 U.S.C. § 1915(e) [ECF No. 31].

In his Amended Complaint, Plaintiff alleges that, on February 26, 2007, Defendant strip-

searched him without cause, on the road beside Plaintiff's parked vehicle, that Defendant planted

drugs on him, and that Plaintiff was arrested and convicted as a result [ECF No. 32].

On January 23, 2013, Defendant filed a Motion for Extension of Time to Complete

Discovery, which was granted [ECF Nos. 34, 35]. The Court ordered, among other things, that

all discovery be completed no later than March 1, and any summary judgment motions be filed

no later than April 1, 2013 [ECF No. 35]. The Court subsequently granted Plaintiff's Motion for

Extension of Time to Complete Discovery, ordering discovery to be completed by April 15, and

summary judgment motions to be filed no later than May 15, 2013 [ECF Nos. 39, 40]. Plaintiff

filed the present Motion to Compel on April 26, 2013 [ECF No. 41]. Defendant filed a Motion

for Leave to File Answer on May 10, 2013 [ECF No. 45].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery for actions filed

in federal court:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense – including the existence, description, nature,
> custody, condition, and location of any documents or other tangible things and the
> identity and location of persons who know of any discoverable matter. For good
> cause, the court may order discovery of any matter relevant to the subject matter
> involved in the action. Relevant information need not be admissible at the trial if

2

the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b)(2)(C), however, requires the court to curtail the discovery of admittedly relevant

evidence if:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)   the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

*See also TAMKO Bldg. Prods., Inc. v. Factual Mut. Ins. Co.*, 890 F. Supp.2d 1129, 1145-46

(E.D. Mo. Aug. 21, 2012).

## III.   DISCUSSION

In his Motion, Plaintiff contends that Defendant failed to answer certain interrogatories adequately and properly, and failed to give Plaintiff certain production requests. He further claims that Defendant answered his discovery requests "at the last minute." Plaintiff states that he sent a letter to Defendant in good faith, to try and resolve this discovery dispute, on or about February 28, 2013, but that Defendant has not responded to his good faith effort. Plaintiff has included with his Motion a communication from Plaintiff to Defendant, dated March 1, 2013, informing Defendant that his responses to eight production requests (Nos. 1, 3, 4, 5, 6. 7, 8, and 9) and one interrogatory (No. 20) were unsatisfactory [ECF No. 41-2].

In his Response to Plaintiff's Motion to Compel, Defendant states that his responses to Plaintiff's Interrogatories and Request for Production of Documents were sent to Plaintiff on February 15, 2013, within the thirty days provided by Fed. R. Civ. P. 33 and 34 [ECF No. 44].

3

Defendant includes copies of his Responses to Plaintiff's First Request for Production of

Documents [ECF No. 44-1] and his Answers and Objections to Plaintiff's First Set of

Interrogatories [ECF No. 44-2] in his Response.

### A.    Production Requests

The responses Plaintiff claims were inadequate or improper to his production requests are as

follows.

#### *1.    Requests No. 1 and 9*

1. Plaintiff will asked [sic] defendants at this time for the rejis [sic] check of the
incident that transpired on February 26, 2007, in the 4600 block of Margaretta,
cause No[.] 0722-CR02015-01.

**RESPONSE:** Objection. This request is irrelevant, immaterial, vague and
ambiguous and is not calculated to lead to the discovery of admissible evidence.
Subject to and without waiving this objection, Defendant states: Defendant is not
in possession of any record responsive to this request.

[ECF No. 44-1].

9. [this is the second request no. 9] Plaintiff will ask Defendants at this time for a
transcript of the Rejis check tape of the incident that transpired on the night of
February 26, 2007, in the 4600[] block of Margaretta, St. Louis[,] Missouri 6315,
[sic] Cause No. 0722-CR02015-01, incident report # CN07-014317.

**RESPONSE:** Objection. This request is irrelevant, immaterial, ambiguous and is
not calculated to lead to the discovery of admissible evidence. Subject to and
without waiving this objection: Defendant is not in possession of documents
responsive to this request.

[ECF No. 44-1].

In his March 1, 2013, communication to Defendant, submitted with Plaintiff's Motion to

Compel, Plaintiff states that he is asking for the recorded version and the transcript of the

Regional Justice Information Service ("REJIS") check tape performed by Defendant on the night

of his arrest [ECF No. 41-2]. Plaintiff contends that the wanted check performed by the arresting

officers on February 26, 2007, is directly related to Defendant's conduct, is reasonably calculated

4

to lead to the discovery of admissible evidence, and would tend to prove the veracity of

statements made by Defendant on the night of his arrest. The Court is persuaded that these

materials are relevant and discoverable. Therefore, the Court will order that the recorded and

transcribed versions of any REJIS checks performed by the arresting officers on February 26,

2007, be produced to Plaintiff no later than May 30, 2013.

### 2. *Request No. 3*

3. Any and all document with respect to strip searches how - performed [sic] on the streets, included [sic] but not limited to any and all policies, procedures, and[/] or regulations.

**RESPONSE:** A copy of S.O. 94-S-7, entitled Arrest, Booking and Related Procedures as it was in effect on February 26, 2007, is produced, Bates labeled SMALLEY 0005-0082.

[ECF No. 44-1].

Plaintiff claims that Defendants submitted no documents responsive to Request No. 3

[ECF No. 41-2]. In his Response to Plaintiff's Motion to Compel, Defendant states that he

provided Plaintiff with S.O. 86-S-4, entitled "Physical Searches of Confined Prisoners," (Bates

labeled SMALLEY 0001-0003), and S.O. 94-S-7, "Arrest, Booking and Related Procedures

(Bates labeled SMALLEY 0005-0082), as each policy was in effect on February 26, 2007. The

Court will assume the veracity of the both parties' assertions. The Court accepts that Defendant

produced to Plaintiff the requested documents, and that, for whatever reason, Plaintiff did not

receive the requested documents. The Court finds that the materials sought are relevant and

entirely discoverable. Therefore, the Court will order that Defendant produce to Plaintiff copies

of S.O. 86-S-4, Physical Searches of Confined Prisoners, and S.O. 94-S-7, Arrest Booking and

Related Procedures, no later than May 30, 2013.

### 3. *Request Nos. 4 and 8*

5

4. Any and all documentation with respect to the strip search performed on the plaintiff, on the night of February 26, 2007, this [sic] search was performed by officers' [sic] John W. Stevens, and Kelly M. Mc[G]innis, on the street and at the North Patrol District Station, Search performed at North Patrol, performed by officers' [sic] John W. Stevens, and Kelly M. Mc[G]innis, and approved by Supervisor Brian R. Mc[G]lynn -210-(2721), and Commander Donna M. Love - 306 (8722).

**RESPONSE:** Objection. Defendant objects to this request as it assumes facts not in evidence and characterizes the search as a "strip search[."] Subject to and without waiving this objection: See police incident report and booking sheet previously produced, Bates labeled SMALLEY 0083-00103.

[ECF No. 44-1].

8. Any and [all] documentation with respect to who authorized the strip search of the plaintiff on the night of February 26, 2007, included [sic] but not limited to any and all reports written by officials whom [sic] signed off on St. Louis Metropolitan Police Incident Report #CN-07-014317.

**RESPONSE:** Objection. Defendant objects to this request as it assumes facts not in evidence and characterizes the search as a "strip search[."] Subject to and without waiving this objection: See police incident report and booking sheet previously produced, Bates labeled SMALLEY 0083-00103.

[ECF NO. 44-1].

Plaintiff contends that the police incident report and booking sheet produced to him are

"not the document responsive to his request" [ECF No. 41-2]. Plaintiff then refers to "policy 81-

S-7, Physical Searches of Confined Preisoners, [sic] para. three (3), Strip Search: subsection two

(2), where it states Watch Commander responsible for either the investigation or the custody of

the prisoner has given written approval for search. Written approval shall be recorded on the

Prisoners Search Form – GEN - 184 (Attachment #1)[,]" and indicates that he is asking for this

"Prisoners Search Form."

In his Response, Defendant states that there is no documentation of written approval for

the outside search, because, as the incident report indicates, Defendant performed a pat search,

6

not a strip search, of Plaintiff's person. Defendant further states that there is no documentation

of a Watch Commanders's approval because such approval is not required for a pat search.

Because the document that Plaintiff requests does not exist, the Court will not order

Defendant to produce any documentation of written approval.

### 4.    *Requests Nos. 5 and 6*

5. Any and all documentation with respect to the dry cell camera cell [sic] at the
North Patrol District Station located at 4014 N. Union.

**RESPONSE:** No documents responsive to this request.

[ECF No. 44-1].

6. Any and all documentation regarding the video camera system at the North
Patrol District Station located at 4014 N. Union[,] St. Louis[,] Missouri.

**RESPONSE:** No documents responsive to this request and no video recordings
exist.

[ECF No. 44-1].

In its January 3, 2013 Order granting Plaintiff leave to file his Amended Complaint, the

Court found that only Plaintiff's federal and state laws regarding his outside strip search in the

4600 block of Margaretta state a claim for relief, and the Court dismissed, as frivolous, Plaintiff's

claims regarding any searches conducted at the North Patrol District Station. Consequently,

Plaintiff's requests for any and all documentation with respect to the dry cell camera or video

camera system in the North Patrol District Station located at 4014 North Union, are not relevant

to Plaintiff's remaining claims; nor do they appear reasonably calculated to lead to the discovery

of admissible evidence. Moreover, it appears that the requested documentation does not exist.

The Court will not order Defendant to produce the requested documentation because it is not

7

relevant.  Even if it existed, Defendant does not need such information for purposes of this

litigation.

>    **5.**    ***Request No. 7***

>    7.  Any and all documentation with respect to the towing of the plaintiff's vehicle
>    on the night on [sic] February 26, 2007.

>    **RESPONSE:** Objection.  Defendant objects to this request as it is not relevant to
>    plaintiff's claims.  Therefore[,] this request is not likely to lead to the discovery of
>    admissible evidence.  Subject to and without waiving this objection, Defendant
>    states: the search for these records is ongoing, and defendant will supplement if
>    records are located.

[ECF No. 44-1].

Plaintiff's Complaint makes no mention of his vehicle being towed, and does not

establish any connection between the alleged towing and the alleged strip search.  In his

communication to Defendant, Plaintiff stated that the information was requested for the purpose

of showing the veracity of Defendant and his statements.  The Court finds that  information

sought by Plaintiff in Request No. 7 is not relevant to any of Plaintiff's claims; nor does it appear

reasonably calculated to lead to the discovery of admissible evidence.  The Court will not order

Defendant to produce the requested documentation because it is not relevant, and does not appear

reasonably calculated to lead to the discovery of admissible evidence.

**B. Interrogatory No. 20**

The interrogatory that Plaintiff claims Defendant failed or refused to answer, and

Defendant's response are as follows:

>    20.  Officer Stevens, on February 26, 2007, were you the officer whom [sic] wrote
>    incident report CN 07-014622.

>    >    a.  Officer Stevens, if you answered yes to para. Twenty (20)[] above[,]
>    >    please state exactly what [you] said you recovered as evidence from

> plaintiff under property seized (Drugs or Nibs . . . exhibit seven (7) of
> your motion of disclosures.

**ANSWER:** Yes. a) The report states that "drugs or nibrs" were seized, suspected
drug type crack cocaine, estimated quantity 1.00.

[ECF No. 44-2].

Plaintiff contends Defendant misconstrued this interrogatory, claiming that he asked
"exactly what it was he stated in this report that he recovered from the Plaintiff, pursuant to this
document under evidence seized and not the estimated price 1.00, Plaintiff will also refer
defendant[] to page 3 of 5, which clearly states under property[, "]Additional Descriptors: (1)
clear bag containing numerous amount of what was believed to be crack cocaine" [ECF No. 41-2
at 4].

The Court finds that Defendant has adequately answered Plaintiff's interrogatory as posed
by Plaintiff, in both his initial request, and in his subsequent request for clarification.

The Court will grant in part, and deny in part, Plaintiff's Motion to Compel, in
accordance with its discussion of each request. The Court will grant Defendant's Motion for
Leave to File Answer.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel [ECF No. 41] is
**GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant shall produce the documents requested in
paragraphs 1, 3, and 9 of Plaintiff's First Request for Production of Documents, as described
above, no later than **May 30, 2013**. Any motion for summary judgment must be filed no later

9

than June 14, 2013.  Responses in opposition shall be filed within twenty-one (21) days, and any

Replies shall be filed within seven (7) days thereafter.

**IT IS FURTHER ORDERED** that Defendant's Motion for Leave to File Answer [ECF

No. 45] is **GRANTED**.  Defendant's Answer to Amended Complaint [ECF NO. 45-1] is

accepted for filing.

Dated this *13th* day of May, 2013.

_____

UNITED STATES DISTRICT JUDGE

10