UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SMALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV00171 ERW |
| | ) | |
| JOHN W. STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant John W. Steven's ("Defendant")Motion for Summary Judgment [ECF No. 51].

I.      **PROCEDURAL BACKGROUND**

On January 31, 2012, Plaintiff James H. Smalley ("Plaintiff") filed his "Prisoner Civil Rights Complaint under 42 U.S.C. § 1983," naming several St. Louis Metropolitan Police Department officers as defendants [ECF No. 1].  After reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court determined that, as to several defendants and claims, the Complaint failed to state a claim upon which relief could be granted [ECF No. 5].  Consequently, the Court dismissed several claims Plaintiff asserted against various defendants, including those asserted concerning an alleged strip search conducted at a police station following Plaintiff's arrest [ECF No. 5].  The Court also dismissed Plaintiff's § 1983 false arrest and imprisonment claims and his claims that defendants planted drugs on him, as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) [ECF No. 5].  As a result of the Court's dismissal, only John W. Steven remained as a defendant in this matter.  Additionally, the Court dismissed Plaintiff's claims brought against Defendant John W. Stevens in his official capacity [ECF No. 5].

John W. Stevens ("Defendant") filed a Motion to Dismiss on July 20, 2012; when Plaintiff failed to file a timely Response, the Court ordered Plaintiff to show cause, no later than September 7, 2012, why the Motion to Dismiss should not be granted [ECF Nos. 15, 16, 17].

Plaintiff filed a Motion for Leave to File Amended Complaint on August 28, 2012, and he filed his Response to the Order to Show Cause on the following date [ECF Nos. 18, 20]. On September 13, 2012, the Court denied both motions, and ordered Plaintiff's amended complaint to be stricken [ECF No. 22]. Defendant filed his Answer to Plaintiff's Complaint, with leave of Court, on October 12, 2012 [ECF Nos. 23, 24, 25].

On November 28, 2012, Plaintiff again moved for leave to file an amended complaint [ECF No. 30]. On January 3, 2013, the Court granted leave for Plaintiff to file his Amended Complaint; however, upon the Court's review of the pleading under 28 U.S.C. § 1915, all defendants but John W. Stevens again were dismissed from the Amended Complaint by Court Order [ECF Nos. 31, 32]. The Court's January 3, 2013 Order found that Plaintiff's federal and state law claims, regarding an alleged public strip search conducted by Defendant, stated a claim for relief, but it concluded that all of the other claims brought in the Amended Complaint were legally frivolous; and the Court dismissed those claims under 28 U.S.C. § 1915(e) [ECF No. 31].

In the remaining claims of his Amended Complaint, Plaintiff alleges that, on February 26, 2007, Defendant strip-searched him without cause, on the road beside Plaintiff's parked vehicle [ECF No. 32]. Defendant filed his Answer to the Amended Complaint, raising several affirmative defenses [ECF No. 47].

Thereafter, Defendant filed his Motion for Summary Judgment, claiming there are no genuine issues of material fact and he is entitled to judgment as a matter of law [ECF Nos. 51, 52 to 52-9]. Defendant also contends he is entitled to judgment on the defenses of qualified

2

immunity, official immunity, and the public duty doctrine.  Plaintiff has filed a response to

Defendant's summary judgment motion, "Plaintiff's Motion in Opposition to Defendant's

Motion for Summary Judgment" and "Plaintiff's Statement of Uncontroverted Material Fact,"

and Defendant has filed his Reply [ECF Nos. 60, 61 to 61-8, 62, 64, 65].

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  Federal Rule of Civil Procedure 56(c) provides that "[a] party asserting that a

fact cannot be, or is genuinely disputed must support the assertion by: (A) citing to particular

parts of materials in the record, . . . or (B) showing that the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).  "All matters set forth in the statement of the movant shall be deemed admitted for

purposes of summary judgment unless specifically controverted by the opposing party."  E.D.

Mo. L.R. 7-4.01(E).

"Only disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986).  Summary judgment will not lie if a genuine dispute about a material

fact is shown; "that is, if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  *Id.*  In ruling on a motion for summary judgment, the Court may not make

credibility determinations, weigh the evidence, or draw inferences from the facts.  *Torgerson v.

City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

To satisfy his initial responsibility, the movant must inform the court of the basis for his motion and must identify those portions of the record that he believes demonstrate the absence of a genuine issue of material fact.  *Id.* at 1042.  Once the moving party has discharged the requisite evidentiary burden, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial."  *Id.* (citations omitted).  If the nonmovant fails to produce such evidence, summary judgment in favor of the moving party is proper.  *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## III.    STATEMENT OF UNDISPUTED OR UNCONTROVERTED FACTS

The Court notes that Plaintiff has failed properly to oppose Defendant's Motion for Summary Judgment, in accordance with the requirements of Federal Civil Procedure Rule 56 (a party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record or showing that the materials cited do not establish the absence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact) and Local Rule 7-4.01(E) ("The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts.").  Particularly, although Plaintiff has filed "Plaintiff's Statement of Uncontroverted Material Fact" [ECF No. 61], he has not noted for all disputed facts the paragraph number from movant's listing of facts; nor has he adequately supported his assertions regarding the absence of a genuine dispute.  Consequently, all those facts set forth in Defendant's statement are deemed admitted for purposes of summary judgment.  *See* Local Rule 7-4.01 ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

4

The following fact statement is a recitation of undisputed or uncontroverted facts taken from Plaintiff's amended "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" [ECF No. 32], Defendant's "Answer to "Amended Complaint" [ECF No. 47], "Defendant Steven's Statement of Uncontroverted Material Facts" [ECF No. 52 at 27-30],  "Plaintiff's Motion in Opposition to Defendant's Motion for Summary Judgment" [ECF No. 60], "Plaintiff's Statement of Uncontroverted Material Fact [ECF No. 61], Defendant's "Reply in Support of Defendant Steven's Motion for Summary Judgment" [ECF No. 64], "Defendant's Response to Plaintiff's Statement of Uncontroverted Material Facts [ECF No. 65],  the parties' uncontroverted or undisputed supporting exhibits for these pleadings, the per curiam order affirming Plaintiff's state judgment of conviction, *see State v. Smalley*, 291 S.W.3d 855 (Mo. Ct. App. 2009), and the "Appellant's Statement, Brief, and Argument" Plaintiff submitted in his direct appeal of his conviction, 2009 WL 1885369 (Mo. App. E.D. May 21, 2009).

A jury found Plaintiff guilty of drug trafficking, second degree, in May 2008 [ECF Nos. 5; 32; 52-1 at 4].  Plaintiff is incarcerated in the Missouri Department of Corrections, currently serving a fifteen (15) year sentence, after a jury found him guilty of drug trafficking, second degree, in May 2008 [ECF Nos. 32; 52 at 27; 60-3 at 4; 61 at 1; 65 at 1, 3].  Defendant is a police officer for the St. Louis Metropolitan Police Department ("Police Department") [ECF No. 47 at 3].

On February 26, 2007, Plaintiff was driving a 1987 Oldsmobile Cutless [ECF Nos. 52 at 28; 52-1 at 8].  He did not have the Cutlass properly registered in his name and did not have proper license plates on the vehicle [ECF Nos. 52 at 28; 52-1 at 16; 61 at 1, 2].  At approximately 11:30 p.m., Plaintiff was parked on the 4600 block of Margaretta in the city of St. Louis, near the intersection of Cora and Margaretta [ECF No. 52 at 27; 52-1 at 5, 9; 60-3 at 4; 61 at 1].

5

At that same time, Defendant and fellow St. Louis police officer, Kelly McGinnis, saw a male exit the car Plaintiff was driving [ECF Nos. 52 at 28; 60-3 at 4; 61 at 3].  The area near the intersection of Margaretta and Cora in St. Louis City is known to have a high amount of drug sales activity [ECF No. 52 at 28; 52-6 at 2; 61 at 3].   The two officers stopped their patrol car [ECF Nos. 52 at 28; 60-3 at 4; 61 at 3].  Plaintiff was sitting in the Cutlass with the ignition and lights turned off when Defendant and Officer McGinnis approached Plaintiff's vehicle [ECF Nos. 52 at 28; 52-1 at 9, 26; 61 at 4].  Plaintiff told Defendant and Officer McGinnis he had warrants [ECF Nos. 52 at 28; 52-5 at 2; 52-6 at 2; 52-7 at 6].  The officers ran a Regional Justice Information Services ("REGIS") search on Plaintiff, which indicated he had outstanding bench warrants and a fugitive warrant in the City of Pagedale [ECF Nos. 52 at 29; 52-1 at 12, 14; 52-5 at 2; 52-9 65 at 6].  Plaintiff was placed under arrest, based on his outstanding warrants [ECF Nos. 52 at 29; 52-1 at 12; 52-2 at 50; 52-5 at 2; 52-6 at 2; 52-7 at 6, 13; 61-2 at 4; 61-3 at 51].

 Defendant conducted a pat search of Plaintiff to determine if he had any weapons [ECF Nos. 52 at 29; 52-2 at 50, 51, 70; 52-5 at 2; 52-6 at 2; 61-1 at 20-22; 61-3 at 51, 56; Appellant's Statement, Brief, and Argument, 2009 WL 1885369 at *6].  No weapons were found, and Plaintiff was placed in the rear of the officers' patrol vehicle and transported to the North Patrol station [ECF Nos. 52 at 29; 52-2 at 50, 51; 61-1 at 21, 22; 52-7 at 6].

At the North Patrol Station, Defendant conducted another search of Plaintiff [ECF Nos. 52 at 30; 52-2 at 51].  This custodial search took place in a holding cell outside the presence of any female officers [ECF Nos. 52 at 30; 52-3 at 20-21; 52-7].  While conducting this custodial search, Defendant found baggies of what appeared to be crack cocaine, hidden in a pocket sewn into the zipper of Plaintiff's pants [ECF Nos. 52 at 30; 52-2 at 52-56; 52-5; 52-6]].  Plaintiff had sewn a pocket near his zipper, on the inside of his jeans [ECF Nos. 52 at 30; 52-1 at 15].

6

Plaintiff claimed he used the pocket to store items [ECF Nos. 52 at 30; 52-1 at 15]. Plaintiff

suffered no physical injury as a result of any search conducted February 26, 2007 [ECF Nos. 32;

52 at 30; 52-2].

## IV.    DISCUSSION

In his Motion, Defendant claims there exists no genuine issue of material fact on the

record before this Court as to facts demonstrating its right to judgment as a matter of law under

Federal Civil Procedure Rule 56(a) [ECF Nos. 51, 52].

### A.    <u>Plaintiff's 42 U.S.C. § 1983 Official Capacity Claims</u>

Defendant first contends that, based on the record before this Court, he is entitled to

summary judgment on Plaintiff's official capacity claims, because Plaintiff does not contend

Defendant was responsible for setting policy, Defendant avers he does not set policy, and Police

Department's search policy is set forth in a Special Order issued by the Office of the Chief of

Police [ECF No. 52 at 3-5].

In his response to Defendant's summary judgment motion, Plaintiff argues Defendant is

not entitled to summary judgment on Plaintiff's official capacity claims, because Defendant's

acts were not discretionary. Alternatively, Plaintiff contends Defendant's acts were conducted in

bad faith and in violation of the Fourth and Fourteenth Amendments. Plaintiff claims Defendant

did not possess the requisite reasonable suspicion to detain Plaintiff when he was sitting in his

car. Although Plaintiff asserts that the seized cocaine was the fruit of an unlawful search and

should have been excluded as evidence, he also states: "Plaintiff will state right here that he is

not challenging his sentence or conviction." [ECF No. 60-3 at 3].

A suit against an individual in his official capacity is, in effect, a suit against the

governmental entity for whom he acts. *See Rynders v. Williams*, 650 F.3d 1188, 1195 (8th Cir.

2011).  To succeed on a claim against a police officer such as Defendant in his official capacity, Plaintiff must show that "a constitutional violation was committed pursuant to an official 'policy or custom' and that such 'policy [or] custom' was the moving force behind plaintiff's injury." *See Burlison v. Springfield Pub. Sch.*, 708 F.3d 1034, 1041 (8th Cir. 2013).

St. Louis City Metropolitan Police Department Special Order 94-S-7, issued by the Office of the Chief of Police, establishes the Police Department's policy for searching prisoners, and provides, in relevant part:

1.   <u>Male Prisoners</u>

Male prisoners shall be searched for weapons prior to placing them in any conveyance.  A male prisoner shall be searched only by a male officer.  In the event there are no male officers readily available, a cursory pat down search of the outer clothing for weapons will be done.  Once at the Area station or prisoner processing [center,] a thorough search shall be conducted by a male officer, clerk or guard.

[ECF No. 52-8 at 2].

The Court finds that the uncontroverted facts show that the Office of the Chief of Police, not Defendant, sets the Police Department's search policy, and that the Police Department's policy instructs male officers to perform a search for weapons before placing male prisoners such as Plaintiff in any vehicle, and requires male officer to conduct a thorough search of male prisoners at the station or prisoner processing center [ECF Nos. 52-5 at 1; 52-8].  The policy thus does not permit strip searches, such as Plaintiff alleges, at the scene of arrest.   The Court further finds that Defendant is not liable under § 1983 in his official capacity, as there is no evidence the Police Department's procedures or actions were likely to result in a constitutional violation.  *See Burlison*, 708 F.3d at 1041-42.  Accordingly, the Court will grant summary judgment to Defendant on Plaintiff's official capacity claims.

**B.**     **Plaintiff's 42 U.S.C. § 1983 Individual Capacity Claims**

Second, Defendant argues that he is entitled to summary judgment on Plaintiff's

individual capacity claims because: 1) Defendant did not perform an illegal strip search; 2)

Plaintiff is precluded from seeking compensatory damages because he suffered no physical

injury;  3) Defendant is entitled to qualified immunity; and 4) the Fourteenth Amendment does

not provide Plaintiff any relief, as his underlying allegations are addressed by the more explicit

text of the Fourth Amendment [ECF No. 52 at 5-14].  According to Defendant, he followed

Police Department Policy for searches, and the requirements of Missouri Revised Statutes §

544.193 when he searched Defendant by his vehicle on the evening of Plaintiff's arrest [ECF No.

52-2 at 50-51, 70].

Plaintiff claims Defendant's search of him by his vehicle was "an illegal search and strip

search." [ECF No. 60-3 at 6].  He further alleges Defendant failed to follow policy and

procedures as set forth in the St. Louis Metropolitan Police Department's Policy 86-S-4.  As

indicated above, the Police Department's policy requires officers to search male prisoners for

weapons prior to placing them in any conveyance, and it requires that search to be conducted by a

male officer, if one is readily available.  Once the prisoner is at the police station, a more

thorough search, conducted by a male officer, clerk or guard, is required.

Plaintiff also claims Defendant failed to follow the criterion for searches set forth in

Missouri Revised Statutes § 544.193(2).  Missouri Revised Statutes § 544.193, defines a "strip

search" as "the removal or rearrangement of some or all of the clothing of a person so as to

permit an inspection of the genitals, buttocks, anus, breasts or undergarments of such person,

including but not limited to inspections conducted visually, manually, or by means of any

physical instrument."  Mo. Rev. Stat. § 544.193.1.(2).  When an individual is arrested or detained

9

for a traffic offense or an offense that does not constitute a felony, strip searches by any law

enforcement officer are prohibited unless there is probable cause to believe that the individual is

concealing a weapon, evidence of the commission of a crime, or contraband.  Mo.Rev. Stat.

§544.193.2.  "All strip searches . . . conducted by law enforcement officers . . . shall be

performed by persons of the same sex as the person being searched, and shall be conducted on

premises where the search cannot be observed by any person other than the persons physically

conducting the search[.]" Mo. Rev. Stat. § 544.193.3.

        As an initial matter, the Court notes that during his trial, Plaintiff failed to characterize

the search conducted by his vehicle as a strip search.  In opening argument, Plaintiff stated:

> The evidence will show that the officers then proceeded to get [Plaintiff] and his
> passenger out of that car and run their names for warrants.  The evidence will
> show that the police then arrested [Plaintiff] for some traffic warrants in
> municipal court and told his passenger to go home.  The evidence will show that
> the police then proceeded to search [Plaintiff] and found nothing.  The officers
> will tell you that after they found nothing they transported [Plaintiff] to the police
> station to be booked on his warrants for municipal ordinance violations.

[ECF No. 52-2 at 43-44].  When Plaintiff cross-examined Defendant about the search conducted

on the scene, Plaintiff did not challenge Defendant's description of his search, or Defendant's

characterization of the search as a "pat down." [ECF No. 52-2 at 70].  Plaintiff again discussed

the search conducted at the scene during closing argument, inferring Defendant planted drugs on

Plaintiff [ECF No. 52-4 at 38-39].  However, Plaintiff merely argued that Defendant was unable

to say they found controlled substances during the search conducted on Margaretta Street,

because Plaintiff's passenger, Carolyn Howard was present, and Defendant needed to "get

[Plaintiff] isolated before he can do this, and say that he found drugs when no one is watching,

when there are no cameras around."  [ECF No. 52-4 at 38-39].  Although he challenged

Defendant's credibility concerning the officers' initial approach, positioning of their police

cruiser, and the officers' instructions to exit the car, Plaintiff failed to even hint that Defendant's

search at the scene was anything but a "pat down" search [ECF No. 52-4 at 38-41].

In his direct appeal, Plaintiff claimed, inter alia, that the trial court erred in overruling his

motion to suppress the cocaine found on his person by the officers.  The "Statement of Facts" in

Plaintiff's appellate brief included the following recitation:

> [Defendant] testified he asked [Plaintiff] if he stayed in the area; during this
> interview or questioning, [Plaintiff] volunteered the information that he had
> outstanding warrants, so [Plaintiff] was placed under arrest. [Plaintiff] was patted
> down for officer safety; once at the police station, [Plaintiff] was searched more
> thoroughly and it was then that Officer Stevens testified he found drugs in
> [Plaintiff's] pants (internal citations omitted).

"Appellant's Statement, Brief, and Argument," 2009 WL 1885369 at *6 (Mo. App. E.D. May 21,

2009).  In the first point of the "Argument" portion of his brief, Plaintiff contended the trial court

erred in overruling his suppression motion, claiming his right to be free from unreasonable

searches and seizures was violated when he was detained sitting in his car, because the police did

not have the requisite reasonable suspicion.  "Appellant's Statement, Brief, and Argument," 2009

WL 1885369 at ** 13-18.  In making this contention, Plaintiff again stated that, after he was

placed under arrest, he was "patted down for officer safety" before being transported to the police

station.  *Id*. at *15.

In direct contradiction to the statements made on direct appeal of his conviction and

sentence, Plaintiff states in an August 19, 2013 affidavit, that he never told Defendant he had

active warrants and attests, "It was not a custodial search that [Defendant] performed on my

person on the night of February 26, [2007], this was a strip search" [ECF No. 61-7 at 2].  During

a deposition on February 28, 2013, Plaintiff testified, "After he patted me down, he in turn

unbuttoned my pants, zipped my pants down and pulled my pants down and then pulled my

underwear out and looked down in my pants and shined a light on me, a flashlight." [ECF No.

52-1 at 11].  Plaintiff further stated, "He in turn spinned me around and did the same thing on my buttocks.  Okay.  He spinned me back around, he pulled my pants back up.  Zipped them up and buttoned them."[ECF No. 52-1 at 11].   The difference between being "patted down for officer safety" and Plaintiff's recent description of the search conducted by Defendant is vast.  The Court finds it incredulous that Plaintiff would have overlooked the significance of including a challenge to such a search in his trial and in his direct appeal.

Plaintiff also submits two affidavit prepared on his behalf by Percy Sutherland,  the individual seen exiting Plaintiff's car that night [ECF Nos. 62 at 9-12; 61-6].  In these affidavits, Mr. Sutherland's recollection of the vehicle search varies from that of Plaintiff.  In a November 27, 2007, affidavit, Mr. Sutherland states:

> This officer shined his flashight in [Plaintiff's] car.  Not long after this, I saw [Plaintiff] get out of his vehicle and they both went to the back driver's side of [Plaintiff's] vehicle.  It was at this time I saw this officer shine his flashlight on the front and rear of [Plaintiff].  As the officer turned [Plaintiff] around, both [Plaintiff] and this officer stood there a moment.

[ECF No. 62 at 11].  In a June 13, 2013, affidavit, Mr. Sutherland attests:

> Not long after I saw [Plaintiff] get out of his vehicle, as the black officer had taken him to the back drivers side of his vehicle.  Where he then proceeded to shine his flashlight on the person of [Plaintiff's] front section of his pants, he then turned [Plaintiff] around and shined his flashlight I would guess on the buttox (sic) area of [Plaintiff].

[ECF No. 61-6 at 2].  The Court again finds it significant that Mr. Sutherland's two  statements, just as Plaintiff's recitation of facts in his state appellate brief, omit mention of any rearrangement or removal of clothing during Defendant's search of Plaintiff.  In fact, Mr. Sutherland's 2013 sworn affidavit indicates that Defendant did not pull Plaintiff's pants down.

While Defendant has the burden of showing there is no genuine issue of fact, Plaintiff is not relieved of his burden of producing evidence that would support a jury verdict if the case

proceeded to trial. *Anderson*, 477 U.S. at 256. Plaintiff may not rest upon mere allegations or denials of his pleading, but must set forth specific facts a genuine issue exists. *Id.* Discredited testimony does not normally supply a sufficient basis for drawing a contrary conclusion; Plaintiff must present some significant probative evidence tending to support the complaint. *Id.* When the parties offer conflicting facts on summary judgment, the nonmovant's version is usually adopted, unless that version is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The Court finds that Plaintiff's February 28. 2013 deposition testimony, and August 29, 2013 affidavit are blatantly contradicted by the record, so as to render them unbelievable. Accordingly, the Court finds that there is no genuine dispute as to any material fact concerning the pat down search conducted by Defendant at the scene of Plaintiff's arrest, and Defendant is entitled to summary judgment on Plaintiff's Fourth Amendment claim, because Defendant did not perform an illegal strip search.

The Court further finds that Defendant is qualifiedly immune from liability for civil damages, because his conduct did not violate any of Plaintiff's clearly established statutory or constitutional rights.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* Qualified immunity is not merely a defense to liability; it is immunity from suit. *Id.* at 237.

Officers conducting searches are entitled to qualified immunity from suit where clearly established law does not show that the search violated the Fourth Amendment.  *Pearson*, 555 U.S. at 243-44.  The doctrine operates to ensure that before officers are subjected to suit, they are on notice that their conduct is unlawful; therefore, the legal reasonableness of an officer's action is assessed in light of the clearly established legal rules existing at the time it was taken.  *Id.* at 244.  Thus, an officer is shielded from personal liability when the officer reasonably believes that his or her conduct complies with the law.  *Id.*  A search, such as that performed by Defendant, which is incidental to a lawful arrest, is proper even if the arrest is for a traffic violation.  *United States v. Robinson*, 414 U.S. 218, 220-24, 234-35 (1973).  "A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment[.]" *Id*. at 235.   The Court finds that no genuine dispute exists as to any material fact concerning the search of Plaintiff's person conducted by Defendant, and concludes the search was permissible under established Fourth Amendment law, and involved no characteristics that would violate the Due Process Clause of the Fourteenth Amendment.  *See id*. at 236.  Thus, the Court finds Defendant is entitled to summary judgment on Plaintiff's individual claims.

**C.    Application of *Heck v. Humphrey***

Third, Defendant contends Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) [ECF No. 52 at 14-16].  Defendant states that Plaintiff's claims in this civil lawsuit against Defendant are based on his claim that the search by the side of the vehicle was improper and in violation of the Fourth Amendment, and contends that *Heck* precludes offenders such as Plaintiff from using § 1983 to raise claims that, if successful, would call into question the validity of an underlying criminal conviction.

14

Plaintiff argues his claims are not *Heck*-barred, because a damages suit for unreasonable search may lie even if the challenged search produced evidence that was introduced in state criminal trial, under doctrines such as independent source, inevitable discovery, and harmless error [ECF No. 60-3 at 14-15].  Plaintiff is correct that, due to such doctrines, even a successful § 1983 action would not necessarily imply that his conviction was unlawful.  *See Heck*, 512 U.S. at 487 n. 7.  However, in order to recover compensatory damages attributable to an allegedly unreasonable search, Plaintiff "must prove not only that the search was unlawful, but that it caused him actual compensable injury, which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."  *Id.*

As noted by Defendant, Plaintiff's claims in this civil lawsuit against Defendant are based on his claim that the search by the side of the vehicle was improper and in violation of the Fourth Amendment.   Defendant arrested Plaintiff due to his acknowledged outstanding warrants, not on the basis of any evidence recovered during the allegedly unlawful search.  The record shows the crack cocaine, possession of which Plaintiff was ultimately charged, was not discovered during this search, but was found during the custodial search later performed at the police station.  Consequently, because the challenged search did not produce evidence that was introduced in Plaintiff's criminal trial, and success on this § 1983 action would not otherwise necessarily imply that Plaintiff's conviction was unlawful, the Court finds Plaintiff's claim is not categorically barred by *Heck*.  *See id.*; *Collins v. Bruns*, 195 Fed.Appx. 533 (8th Cir. 2006).

### D.   Collateral Estoppel

Fourth, Defendant asserts Plaintiff's claims are barred by collateral estoppel [ECF No. 52 at 16-19].  Defendant states the circuit court found the search of Plaintiff, conducted after the officers confirmed he had active warrants, did not violate Plaintiff's rights, or otherwise require

15

the suppression of evidence, and the court denied Plaintiff's motion to suppress evidence [ECF Nos. 52, 64]. Defendant says the circuit court's denial of Plaintiff's suppression motion, which claimed the search was improper and violated his Fourth Amendment rights, was affirmed on appeal. Defendant contends Plaintiff is precluded from re-litigating the same claim, because the claim was litigated through appeal, and decided on the merits. Plaintiff's response does not address Defendant's collateral estoppel argument [ECF No. 60-3].

The doctrine of collateral estoppel provides once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Generally, federal courts consistently accord preclusive effect to issues decided by state courts. *Id*. at 95.

As discussed above, Plaintiff appealed the trial court's denial of his motion to suppress the crack cocaine that was discovered on his person during a thorough search conducted at the Police Department's North Patrol Division. *See State v. Smalley*, 291 S.W.3d at 855. On appeal to the Missouri Court of Appeals, Eastern District, Plaintiff argued the trial court erred in overruling his suppression motion, contending his right to be free from unreasonable searches and seizures was violated when he was detained sitting in his car, because the officers did not possess the requisite reasonable suspicion. "Appellant's Statement, Brief, and Argument," 2009 WL 1885369 at ** 13-18. Plaintiff further argued the police violated his Fourth Amendment rights by detaining him, and his constitutional rights were violated by the subsequent seizure of cocaine base from his pants after the search at the station, because there was not reasonable suspicion to hold him for any reason. *Id*. at *18. The Missouri Court of Appeals found no error in the trial court's denial of Plaintiff's motion to suppress. *State v. Smalley*, 291 S.W.3d at 855.

As he did in his state appeal, Plaintiff contends here that his right to be free from unreasonable searches and seizures was violated, because the officers did not have reasonable suspicion to detain him while he was sitting in his car.  However, Plaintiff's complaint of error in his direct appeal concerned the basis for his detention and the search conducted at the station, which produced evidence that was introduced in Plaintiff's criminal trial.   Therefore, the Court finds that the decision issued by the state court in Plaintiff's direct appeal does not preclude litigation of the reasonableness of the search conducted by Plaintiff's vehicle.  Thus, the Court concludes Plaintiff's claims are not barred by collateral estoppel.

### E.      Supplemental Jurisdiction

Finally, Defendant argues that this Court should not take supplemental jurisdiction over Plaintiff's state law claims, which assert a violation of Missouri Revised Statutes § 544.195. Defendant contends: 1) Plaintiff fails to establish Defendant conducted a strip search in violation of Missouri law; 2) Defendant is entitled to official immunity on Plaintiff's state law claims; and 3) Defendant is not liable on Plaintiff's state law claims because Defendant's acts fall under the public duty doctrine [ECF No. 52 at 19-25].

In his response, Plaintiff argues Defendant's statement concerning his search of Plaintiff describes a strip search that violates Missouri Revised Statutes § 544.193(2), (5), and St. Louis Metropolitan Police Department Policy and Procedure 86-S-4 [ECF No. 60-3 at 16].  Plaintiff further contends Defendant is liable for his acts under the public duty doctrine, because Defendant owed Plaintiff a legal duty not to violate his constitutional and statutory rights [ECF No. 60-3 at 17].  Plaintiff asserts Defendant's acts were committed in bad faith, thus breaching his duty to Plaintiff [ECF No. 60-3 at 19].

Given the Court's determination, above, that  Defendant did not conduct a strip search in violation of Missouri law, the Court also concludes it has assumed jurisdiction over Plaintiff's state law claims and finds that Defendant is entitled to summary judgment on Plaintiff's state law claims.

## V.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that  Defendant John W. Steven's ("Defendant")Motion for Summary Judgment [ECF No. 51] is **GRANTED** as to all claims in Plaintiff's Amended Complaint [ECF No. 32].

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [ECF No. 32] is **DISMISSED with prejudice.**

Dated this __3rd__ day of October, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE